## Case No. 16,446.

UNITED STATES v. TENBROEK.

[Pet. C. C. 180.] [1]

Circuit Court, D. Pennsylvania. Oct. Term, 1815.[2]

INTERNAL REVENUE—WHO ARE DISTILLERS.

1. Information for a penalty, under the excise law.

2. A rectifier of spirits distilled from domestic materials, is not a distiller of spirituous liquors within the meaning of the act of congress of July 24, 1813 [3 Stat. 42].

[Error to the district court of the United States for the district of Pennsylvania.]

This case came up from the district court, upon a writ of error. The only question was, whether a rectifier of spirits, is a distiller, within the meaning of the act of congress of July 24, 1813, laying duties on licenses to distillers of spirituous liquors. 4 [Bior. & D.] Laws, 572 [3 Stat. 42].

C. J. Ingersoll, for the United States.
R. Peters, Jr., for appellee.

WASHINGTON, Circuit Justice. This is an action of debt, brought in the district court, for the penalty given by the act of congress of July 24, 1813, for using a still, for the purpose of distilling spirituous liquors; without having first taken out a license, according to the provisions of that law. To the charge of the district court, the attorney of the United States took an exception, and a verdict and judgment having been rendered for the defendant, the cause has come up to this court, upon a writ of error.

It appears by the charge of the judge of the court below, and by the evidence given to the jury, which by agreement is to be considered as part of the charge; that the defendant employed his still, not in distilling spirituous liquors from raw materials,

[1] [Reported by Richard Peters, Jr., Esq.]
[2] [Affirmed in 2 Wheat. (15 U. S.) 248.]

but in purifying, or rectifying (as it is more commonly and technically termed) spirituous liquors, previously distilled from grain or other raw materials; that the nature of the two trades is considered altogether different; the process different; and that in the year 1801, no duties were demanded from rectifiers, by any of the officers of the treasury department, under the then existing laws, imposing duties on licenses to distillers.

I entirely concur in the opinion delivered by the judge of the district court, in his charge to the jury; that the mere rectifying of spirits, distilled from domestic materials, is not distilling spirituous liquors from domestic materials; either within the meaning of the act of congress, in correct language, or in the common understanding of mankind. The legislature most clearly intended to impose but one tax, upon the production of spirituous liquors by distillation; and yet, if the construction contended for, by the district attorney, be correct, every operation performed for purifying, or even raising the proof of distilled spirits, would be subject to a tax; and that whether it were repeated by the original distiller, or by any other person. The word "material" in this law, clearly means the raw or original material, from which the spirituous liquor is produced, and not the produce of the raw material. Judgment affirmed.

The United States entered an appeal in this case, and this decree was affirmed in the supreme court March 17, 1817. 2 Wheat. [15 U. S.] 248.